**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

```
-------------------------------------------------------------X
```

AZALEA SPA & NAILS INC., & JOANNA     :
LEE,     :
    :
                 Plaintiffs,     :      Case No.
    :
          - against -     :
    :
ZHIDONG ZHANG & MAUREEN (YAN     :
JUAN) MENG,     :
    :
                 Defendants.     :
    :

```
-------------------------------------------------------------X
```

## COMPLAINT

Plaintiff Azalea Spa & Nails Inc. ("Azalea") and Plaintiff Joanna Lee ("Ms. Lee") (together, the "Plaintiffs"), through their counsel, complain and move for judgment against Defendants and respectfully allege as follows:

## THE PARTIES

1.     Plaintiff Azalea is a Virginia corporation with its principal place of business located at 4668 King Street, Alexandria, Virginia 22302.

2.     Plaintiff Ms. Lee is an adult residing in Alexandria, Virginia, and the majority owner of Azalea.

3.     Defendant Zhidong Zhang ("Mr. Zhang") is an adult residing in Maryland, and the minority owner of Azalea.

4.     Defendant Maureen (Yan Juan) Meng ("Ms. Meng") is an adult residing in Maryland, and the wife of Mr. Zhang (together, Mr. Zhang and Ms. Meng known as the "Defendants").

## VENUE AND JURISDICTION

5.      The amount in controversy in this matter exceeds $75,000 exclusive of interests and costs, and this action is between citizens of different states. Accordingly, this Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332.

6.      A substantial part of the events or omissions giving rise to the claims set forth herein occurred in this district, including the location of Plaintiff Azalea's principal place of business and the location of Azalea's bank accounts. Furthermore, the Defendants are subject to personal jurisdiction in this district pursuant to Virginia's long-arm statute (Virginia Code § 8.01-328.1), so venue for these claims is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7.      Ms. Lee, having experience in the salon industry, opened her own nail salon in 2018.

8.      Ms. Lee sought to have a minority business partner for this business.

9.      Ms. Lee knew the Defendants through her mother, Yang J. Yates ("Ms. Yates"). Ms. Yates connected Ms. Lee with Mr. Zhang to discuss being a minority partner in the business.

10.     Mr. Zhang and Ms. Lee reached an agreement for their participation and rights with respect to this business venture, which would become Azalea.

11.     First, Mr. Zhang and Ms. Lee agreed that they would contribute a total of $329,700 in initial contributions, with Mr. Zhang providing $109,900 as an initial contribution in exchange for 33.3% ownership of Azalea, and Ms. Lee contributing $219,800 in exchange for 66.7% ownership of Azalea. Both Parties made these contributions.

12.     Soon after making these initial contributions, Azalea received a refund of $103,003.70 from the Landlord. As 33.3% owner, Mr. Zhang received one-third of this refund in

the form of an owner distribution, for a total of $34,334.57. This reduced Mr. Zhang's investment in Azalea to $75,565.43.

13.     Second, Mr. Zhang and Ms. Lee agreed that Mr. Zhang would work at Azalea as a condition of his ownership. Mr. Zhang had experience as a masseuse and agreed to provide such services at Azalea.

14.     However, Mr. Zhang never performed any work or services for or on behalf of Azalea.

15.     Azalea opened for business in October 2018.

16.     In 2018 and 2019, Azalea did not make a profit such that any dividends could be paid out to the owners.

17.     Ms. Lee continued to work as a nail technician at the business while also managing the business. During 2018 and 2019, Ms. Lee took no compensation for managing Azalea. In addition, during that time, Ms. Lee did not take any ownership dividends or other related owner payments. Likewise, Mr. Zhang received no owner distributions in 2018 and 2019.

18.     In 2020, the COVID pandemic caused significant disruptions to Azalea's business. Given that Azalea's business relies on in-person services, the business model was completely disrupted. Due to the pandemic and the business being relatively new, Azalea was not profitable in 2020 and 2021. Accordingly, no owner distributions were paid in 2020 and 2021, and Ms. Lee deferred her compensation for her role as manager of Azalea.

19.     Importantly, Ms. Lee has never taken any salary or compensation for running the business since its inception through the present. Between capital and in-kind purchases and work, Ms. Lee has contributed approximately $10,000 per month to Azalea. This includes, but is not limited to, working as a manager of Azalea for approximately 12 hours a day over 7 days a week

without paying herself a salary. Thus, Ms. Lee is entitled to approximately $500,000 in deferred compensation for directly managing the business.

20.

21.     The situation in 2020 due to the pandemic was dire. Ms. Lee took several actions to keep the business open, including deferring her compensation and seeking available grants and a Paycheck Protection Program ("PPP") loan. Because of Ms. Lee's actions, Azalea remained open and operational during the pandemic, despite these difficulties.

22.     Regarding the PPP loans, Ms. Lee submitted two PPP loans for Azalea. In addition to the PPP loans, Ms. Lee applied for grants and other loans for Azalea to keep Azalea operational. This included an SBA loan of $75,000.

23.     This money in several instances was required to be paid back. Importantly, all of this money was for the operation of the business. None of this money was to be used to repay the owners for their investment or for dividends.

24.     The money from the business's loans and grants, as well as the revenue from the business, were held in a Wells Fargo business checking account (the "Business Account") on behalf of Azalea. Ms. Lee and Mr. Zhang were both signatories to this account.

25.     Mr. Zhang clearly understood that the Business Account was for the Azalea business, not for his own personal expenditures or his family's expenditures. He was also aware that Ms. Lee had applied for and received loans and grants on behalf of Azalea, and that the received funds were held in the Business Account.

26.     Despite knowing that this was a business bank account of Azalea, Mr. Zhang, without permission and without informing Ms. Lee, withdrew $138,000 from the Business Account on or around September 23, 2022.

27.     Mr. Zhang withdrew this money and converted it to a cashier's check.

28.     Ms. Lee only became aware that Mr. Zhang had withdrawn this money after he had done so. Mr. Zhang did not provide any advanced notice that he would be withdrawing the funds, and Ms. Lee was not otherwise aware that he was planning to withdraw these funds for any reason.

29.     Ms. Lee went to Wells Fargo the day after becoming aware of the missing funds. The bank stated that Mr. Zhang did indeed withdraw the funds in question. Ms. Lee viewed a copy of the cashier's check by which Mr. Zhang improperly withdrew the funds.

30.     Although as an owner Mr. Zhang was a signatory to the Business Account, he did not take money out of the account previously because he had no role in running the business. Moreover, he had no legitimate reason to take money out of the Business Account.

31.     Ms. Lee contacted Mr. Zhang after learning he had improperly withdrawn this money.

32.     Mr. Zhang admitted that he unilaterally withdrew $138,000 from the Business Account. According to Mr. Zhang, which is disputed by Ms. Lee, he claimed that he had contributed $138,000 to the business in total, and by withdrawing the money from the Business Account, he has withdrawn as the minority owner of Azalea.

33.     Ms. Lee has a reasonable belief that Mr. Zhang has not contributed $138,000 to the business. Mr. Zhang only contributed $75,565.43 to the business. Further, given Ms. Lee's in-kind contributions to the business, Mr. Zhang's initial cash contribution had been diluted substantially.

34.     More importantly, Mr. Zhang had no authority or consent to withdraw any money from the Business Account, especially as this money had primarily come from grants and the PPP loan and therefore, must be used for Azalea's ongoing business expenditures, including employee salaries.

35.     Ms. Lee later learned that Mr. Zhang and his wife, Ms. Meng, used the money withdrawn from the Business Account to purchase property for an entirely different business venture in Maryland.

36.     Upon information and belief, Ms. Meng knew or should have known that this money belonged to Azalea. Upon information and belief, Ms. Meng also knew or should have known that this money came from grants and PPP loans, and thus, must be used for Azalea's business operations.

37.     Both Mr. Zhang and Ms. Meng knew that the money withdrawn from the Business Account belonged to Azalea and conspired to use the money for purposes not related to the ongoing Azalea business.

38.     Upon information and belief, this money was in fact used to purchase property for Mr. Zhang and/or Ms. Meng in Maryland.

39.     Despite repeated requests, Mr. Zhang and Ms. Meng have refused to return the money to Azalea.

40.     The theft of this money has caused substantial harm to Azalea and Ms. Lee.

## FIRST COUNT:  FOR CONVERSION
### (against Mr. Zhang)

41.     Plaintiffs repeat the allegations stated in the above paragraphs as if fully set forth herein.

42.     Plaintiff Azalea's Business Account was a business bank account established for the benefit of Azalea to pay for, *inter alia*, the salaries of its employees and necessary expenditures.

43.     Defendant Mr. Zhang, despite having knowledge that the Business Account was for purposes of the business only, wrongfully converted $138,000 by withdrawing this amount of money from the bank account and used the proceeds for his own use and benefit.

44.     Despite demand by Plaintiffs, Defendant Mr. Zhang refused, and continues to refuse, to return to Azalea the amount of money he converted from the bank account.

45.     Defendant Mr. Zhang performed the actions willfully, maliciously, and in reckless disregard of the Plaintiffs' rights, all to the substantial and intentional detriment of Plaintiffs.

46.     WHEREFORE, Plaintiffs respectfully request a judgment be entered in their favor against Defendant Mr. Zhang for conversion and that Plaintiffs be awarded monetary damages in an amount of not less than $138,000, punitive damages in an amount to be determined by the trier of fact, attorneys' fees and costs, and any additional relief that this Court may deem just and appropriate.

## SECOND COUNT:  BREACH OF FIDUCIARY DUTY
### (against Mr. Zhang)

47.     Plaintiffs repeat the allegations stated in the above paragraphs as if fully set forth herein.

48.     Plaintiff Ms. Lee, as majority shareholder of Azalea, brings a derivative claim on behalf of Azalea against Mr. Zhang for breach of fiduciary duty.

49.     As a minority owner and director of Azalea, Mr. Zhang had a fiduciary duty to Azalea and his business partner.

50.     By transferring the $138,000 from Azalea's bank account to his own personal bank account, without the consent of Ms. Lee, Mr. Zhang breached his fiduciary duty to the Plaintiffs.

51.     As a result of failing to fulfill his fiduciary duty, Azalea and Ms. Lee have suffered damages and are entitled to recover for the losses from Mr. Zhang.

52.     WHEREFORE, Plaintiffs respectfully request a judgment be entered in their favor against Defendant Mr. Zhang for breach of fiduciary duty, and that Plaintiffs be awarded monetary

damages in an amount of not less than $138,000, and any additional relief that this Court may deem just and appropriate.

**THIRD COUNT:  VIRGINIA STATUTORY CONSPIRACY**
**(against both Defendants)**

53.     Plaintiffs repeat the allegations stated in the above paragraphs as if fully set forth herein.

54.     Upon information and belief, Defendant Mr. Zhang and Ms. Meng used the monies converted from Plaintiff Azalea's Business Account to purchase property related to another business venture. The monies were only to be used for Azalea's business purposes, including to pay salaries for Azalea's employees and expenses associated with the business.

55.     Upon information and belief, Defendants' Mr. Zhang and Ms. Meng purposefully conspired to deprive Plaintiff Azalea of the monies in its business account by unlawfully withdrawing business funds for personal use.

56.     Upon further information and belief, Defendants Mr. Zhang and Ms. Meng conspired willfully, maliciously, and knowingly to injure Plaintiffs through their actions.

57.     As a direct and proximate result of the conspiracy to injure Plaintiffs, Defendants Mr. Zhang and Ms. Meng are jointly and severally liable for Plaintiffs' monetary loss in an amount not less than $138,000.

58.     Pursuant to Virginia Code § 18.2-499, *et seq.*, Plaintiffs are entitled to treble damages in the amount of no less than $414,000 (three times Plaintiffs' monetary damages), the costs of this lawsuit, and reasonable attorneys' fees.

59.     WHEREFORE, Plaintiffs respectfully request a judgment be entered in their favor against and jointly and severally against Defendants Mr. Zhang and Ms. Meng for conspiracy to injury Plaintiff Azalea in violation of Virginia Code § 18.2-499, and that Plaintiffs be awarded

treble damages in an amount of not less than $414,000, attorney's fees and costs, and any additional relief that this Court may deem just and appropriate.

## FOURTH COUNT:  COMMON LAW CONSPIRACY
### (against both Defendants)

60.     Plaintiffs repeat the allegations stated in the above paragraphs as if fully set forth herein.

61.     Upon information or belief, the Defendants entered into an agreement. Pursuant to this agreement, Defendants agreed that Mr. Zhang would withdraw the $138,000 from Azalea's bank account without the consent of Ms. Lee, and this money would be used towards purchasing property to be used for personal or business reasons by Mr. Zhang's wife, Ms. Meng.

62.     Withdrawing the money from Azalea's Business Account without Ms. Lee's consent and to the detriment of the business was unlawful.

63.     The withdrawal is an unlawful overt act, done pursuant to and in furtherance of the scheme agreed upon by the Defendants.

64.     WHEREFORE, Plaintiffs respectfully request a judgment be entered in their favor jointly and severally against Defendants Mr. Zhang and Ms. Meng for common law conspiracy, and that Plaintiffs be awarded damages of $138,000, punitive damages in an amount to be determined by the trier of fact, attorneys' fees and costs, and any additional relief that this Court may deem just and appropriate.

## FIFTH COUNT:  UNJUST ENRICHMENT
### (against Mr. Zhang)

65.     Plaintiffs repeat the allegations stated in the above paragraphs as if fully set forth herein.

66.     For an alternative cause of action, Mr. Zhang has been unjustly enriched at the expense of Plaintiffs because Mr. Zhang withdrew $138,000 from Azalea's business bank account, but Mr. Zhang only has contributed $75,565.43 to the business.

67.     Mr. Zhang received a benefit by unlawfully withdrawing more money than he has contributed to Azalea, at Azalea's expense.

68.     It would be unjust for Mr. Zhang to retain this benefit because he would be taking at least $62,434.57 more than his contribution into Azalea.

69.     WHEREFORE, in the alternative, Plaintiffs respectfully request a judgment be entered in their favor against Mr. Zhang for unjust enrichment, and that Plaintiffs be awarded damages in an amount to be determined at trial, but no less than $62,434.57, and any additional relief that this Court may deem just and appropriate.

## SIXTH COUNT:  BREACH OF CONTRACT
### (against Mr. Zhang)

70.     Plaintiffs repeat the allegations stated in the above paragraphs as if fully set forth herein.

71.     Mr. Zhang and Ms. Lee entered into a contractual agreement wherein Mr. Zhang would be the minority partner of Azalea.  Mr. Zhang also agreed to work at Azalea as a masseuse, a job with which he had prior experience.

72.     Mr. Zhang breached that agreement in multiple ways, including but not limited to, attempting to unilaterally "withdraw" as a business partner.  In so breaching, he improperly withdrew funds belonging to the business.

73.     Mr. Zhang also breached the agreement by never performing any work or services, including as a masseuse, for or on behalf of Azalea.

74.     Azalea and Ms. Lee were both damaged due to Mr. Zhang's breach.

WHEREFORE, Plaintiffs respectfully request a judgment be entered in their favor against Mr. Zhang for breach of contract, and that Plaintiffs be awarded damages in an amount to be determined at trial, but currently estimated to be no less than $20,000.00, and any additional relief that this Court may deem just and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment individually against Zhidong Zhang, and both Defendants Zhidong Zhang and Maureen (Yan Juan) Meng, and grant the following relief:

(a)     Award Plaintiffs compensatory monetary damages in an amount of no less than $158,000;

(b)     Award Plaintiffs treble damages pursuant to Virginia Code § 18.2-499, *et seq.*, in an amount of not less than $414,000;

(c)     Award Plaintiffs punitive damages, court costs, attorneys' fees, and pre-judgment and post-judgment interest as permitted by law; and

(d)     Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable that are raised in this Complaint.

Dated:  May 31, 2023

Respectfully submitted,

**THOMPSON HAMMERMAN DAVIS LLP**
Kristin C. Davis (Va. Bar No.: 78419)
1015 15th Street NW, Suite 600
Washington, DC 20005
Tel. 202-367-6178

Email:  kdavis@thompsonhd.com

- AND -

**MOORE LAW PLLC**
Derrick F. Moore (motion for admission
*pro hac vice* to be submitted)
1140 3rd St. NE
Washington, D.C. 20002
Tel. 202-289-7963
Email: derrick@mooreatty.com

*Counsel for Plaintiffs*