IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AZALEA SPA & NAILS INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-712 (RDA/IDD) |
| ) | |
| ZHIDONG ZHANG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants Maureen (Yan Juan) Meng's and Zhidong Zhang's Motions to Dismiss for Failure to State a Claim ("Motions to Dismiss") (Dkt. Nos. 10; 12). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Loc. Civ. R. 7(J). This matter has been fully briefed and is now ripe for disposition. Having considered the Motions to Dismiss together with Defendants' Memoranda in Support (Dkt. Nos. 11; 13), Plaintiffs Azalea Spa & Nails Inc. and Joanna Lee's Opposition (Dkt. 18), and Defendants' Replies (Dkt. Nos. 19; 20), this Court GRANTS Defendant Meng's Motion to Dismiss (Dkt. 10) and GRANTS-IN-PART and DENIES-IN-PART Defendant Zhang's Motion to Dismiss (Dkt. 12) for the reasons that follow.

I. BACKGROUND[1]

A. Factual Background

Plaintiff Joanna Lee ("Plaintiff Lee") opened her own nail salon in 2018. Dkt. 1 ¶ 7. At some point, she began to seek out a minority business partner. *Id.* ¶ 8. Plaintiff Lee's mother

---

[1] For purposes of considering Defendants' Motions to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

connected her with Defendant Zhidong Zhang ("Defendant Zhang") to discuss the possibility of him becoming a minority partner in her business. *Id.* ¶ 9. Plaintiff Lee and Defendant Zhang eventually reached an agreement regarding their respective roles in that business. First, Plaintiff Lee and Defendant Zhang agreed that together they would contribute a total of $329,700 in initial contributions to their joint business venture, which would be known as Azalea Spa & Nails Inc. ("Azalea" or "Plaintiff Azalea"). *Id.* ¶ 10. Defendant Zhang provided $109,900 as an initial contribution in exchange for 33.3% ownership of Azalea, and Plaintiff Lee contributed $219,800 in exchange for 66.7% ownership of Azalea. *Id.* ¶ 11. As such, Plaintiff Lee became a majority owner of Azalea and Defendant Zhang became a minority owner of the business. *Id.* ¶¶ 2-3. Second, Plaintiff Lee and Defendant Zhang agreed that, as a condition of Defendant Zhang's ownership, he would work at Azalea as a masseuse. *Id.* ¶ 13. However, Plaintiffs allege that Defendant Zhang never provided any masseuse services at Azalea. *Id.* ¶ 14.

Soon after Plaintiff Lee and Defendant Zhang made their respective initial contributions, Azalea received a refund of $103,003.70 from its Landlord. *Id.* ¶ 12. As 33.3% owner, Defendant Zhang received one-third of this refund in the form of an owner distribution, for a total of $34,334.57. *Id.* Plaintiffs claim that this refund reduced Defendant Zhang's investment in Azalea to $75,565.43. *Id.*

Azalea held money from the business' loans and grants, as well as its revenue, in a Wells Fargo business checking account (the "Business Account"). *Id.* ¶ 24. Plaintiff Lee and Defendant Zhang were both signatories to that account. *Id.* According to Plaintiffs, Defendant Zhang understood that funds from the Business Account were not intended for his own personal expenditures or his family's expenditures. *Id.* ¶ 25. Plaintiffs assert that, despite this understanding, Defendant Zhang withdrew $138,000 from the Business Account on September

23, 2022 without Plaintiff Lee's permission. *Id.* ¶ 26. When confronted by Plaintiff Lee, Defendant Zhang admitted to unilaterally withdrawing $138,000 from the Business Account. *Id.* ¶ 32. He claimed that he had contributed $138,000 to the business in total, and so, by withdrawing that exact amount from the Business Account, he was merely withdrawing his minority capital contribution to Azalea. *Id.* Plaintiff Lee later learned that Defendant Zhang and his wife, Defendant Maureen (Yan Juan) Meng ("Defendant Meng"), used the money withdrawn from the Business Account to purchase property for an entirely separate business venture. *Id.* ¶ 35. Plaintiffs assert that Defendant Meng knew or should have known that the $138,000 belonged to Azalea and could only be used for Azalea's business operations and that Defendant Meng and Defendant Zhang "conspired" to use the money for purposes unrelated to the Azalea business. *Id.* ¶ 36. Based on these allegations, Plaintiffs Azalea and Lee bring the following six counts in their Complaint: claims for statutory and common law conspiracy (Counts III and IV) against both Defendants; and claims for conversion (Count I), breach of fiduciary duty (Count II), unjust enrichment (Count V), and breach of contract (Count VI) against Defendant Zhang.

### B. Procedural Background

On May 31, 2023, Plaintiffs Azalea and Lee filed a Complaint in this Court. Dkt. 1. Subsequently, on July 20, 2023, Defendants Zhang and Meng filed their respective Motions to Dismiss, Dkt. Nos. 10; 12, along with Memoranda in Support of those Motions, Dkt. Nos. 11; 13. On July 27, 2023, Plaintiffs filed a Consent Motion for Extension of Time to File Response/Reply, Dkt. 16, which Magistrate Judge Davis granted on July 31, 2023, Dkt. 17. Thereafter, on August 17, 2023, Plaintiffs filed an Opposition to Defendants' Motions to Dismiss, Dkt. 18, and on August 31, 2023, Defendants filed Replies in support of their respective Motions to Dismiss, Dkt. Nos. 19; 20.

II. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) ("[T]he reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level.'" (quoting *Twombly*, 550 U.S. at 555)).

In reviewing a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). To be sure, "the [C]ourt 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). In general, the Court may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb*, 791 F.3d at 508.

III. ANALYSIS

In her Motion, Defendant Meng asks the Court to dismiss the two conspiracy counts brought against her for failure to state a claim. Dkt. 11 at 1. Defendant Zhang also moves the Court to dismiss the conspiracy, conversion, breach of fiduciary duty, and unjust enrichment counts for failure to state a claim. Dkt. 13 at 1. Defendant Zhang additionally asks the Court to

4

dismiss the breach of contract claim, to the extent that it is based on conduct that occurred more than three years before the Complaint was filed. *Id.* The Court will address the merits of each claim in turn.

## A. The Conspiracy Claims (Counts III and IV)

Defendants Meng and Zhang assert that the Virginia statutory and common law conspiracy claims should be dismissed because the Complaint fails to allege concerted action on their part. Dkt. Nos. 11 at 5-6; 13 at 5-6. To plausibly state a claim for statutory conspiracy, a plaintiff must allege: (1) a combination of two or more persons; (2) who cooperate for the purpose of willfully and maliciously injuring plaintiff in his business; and (3) resulting damage to plaintiff. Va. Code Ann. § 18.2-499. And to establish a claim for common law conspiracy, a plaintiff must allege: (1) an agreement between two or more persons; (2) to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means; with (3) resulting damage to the plaintiff. *William v. AES Corp.*, 28 F. Supp. 3d 553, 574 (E.D. Va. 2014). Importantly, "[u]nder either theory of recovery, [a] plaintiff must first allege that the defendants combined together to effect a 'preconceived plan and unity of design and purpose, for the common design is the essence of the conspiracy.'" *Bay Tobacco, LLC v. Bell Quality Tobacco Prod., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003) (quoting *Bull v. Logetronics, Inc.*, 323 F.Supp. 115, 131 (E.D. Va. 1971)). "Consequently, in order to survive a motion to dismiss, [a p]laintiff must at least plead the requisite concert of action and unity of purpose in more than 'mere conclusory language.'" *Id.* (quoting *Lewis v. Gupta,* 54 F.Supp.2d 611, 618 (E.D.Va.1999)). To do so, a plaintiff must allege "some details of time and place and the alleged effect of the conspiracy." *William v. AES Corp.*, 28 F. Supp. 3d 553, 574 (E.D. Va 2014) (citations omitted).

Here, Plaintiffs have not pleaded sufficient facts to support an agreement between Defendants to engage in unlawful conduct. Critically, Plaintiffs do not allege the time, place, or manner of Defendants' alleged agreement. They appear to merely assume that Defendant Meng conspired with her husband because she and her husband used the funds that he withdrew from Azalea's business account to purchase property for a separate business venture. Dkt. 1 ¶¶ 35-36. But the fact that Defendant Meng may have indirectly benefitted from her husband's conduct does not necessarily suggest that she had agreed to help her husband engage in any wrongful conduct. Accordingly, even construing the factual allegations in the light most favorable to Plaintiffs and making reasonable inferences therefrom, the Court finds that Plaintiffs have failed to plausibly allege any concerted action. As such, Plaintiffs' conspiracy claims (Counts III and IV of the Complaint) will be dismissed.

### B. The Conversion Claim (Count I)

Defendant Zhang next contends that the conversion claim against him should be dismissed because it is barred by the source of duty rule. Dkt. 13 at 3-5. Defendant Zhang stresses that the conversion claim arises out of the same conduct at issue in Plaintiffs' breach of contract claim. *Id.* at 4. Specifically, as Defendant Zhang explains, the Complaint alleges that "[Defendant] Zhang and [Plaintiff] Lee entered into a contractual agreement" and "[Defendant] Zhang breached that agreement in multiple ways, including but not limited to, attempting to unilaterally 'withdraw' as a business partner. In so breaching, he improperly withdrew funds belonging to the business." *Id.* (quoting Dkt. 1 ¶¶ 71-72). The Complaint further alleges that "[Defendant Zhang . . . wrongfully converted $138,000 by withdrawing this amount of money from the bank account . . . ." *Id.* (quoting Dkt. 1 ¶ 43). In response, Plaintiffs counter that, where, as here, a tort claim is based

6

upon an independent, common law duty, the tort claim may be maintained regardless of whether a contract exists. Dkt. 18 at 5-7.

Under Virginia's source of duty rule, disagreements based on the breach of duties "assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts." *Id.* (quoting *Filak v. George*, 267 Va. 612, 618 (2004)). "To determine whether a claim is best heard in contract or tort, a court must determine the source of the duty violated." *1004 Palace Plaza, LLC v. Ebadom Food, LLC*, No. 1:18-CV-1376, 2019 WL 3084236, at *2 (E.D. Va. July 15, 2019) (citing *Auth. v. McDevitt Street Bovis, Inc.*, 507 S.E.2d 344, 345-46 (Va. 1998)). To pass muster under the source of duty rule, "[a] claim in tort must arise from a breach of a common law duty, as opposed to one that exists between the parties by virtue of a contract alone." *Id.* (citing *Dunn Const. Co. v. Cloney*, 682 S.E.2d 943, 946 (Va. 2009)). Notably, courts within the Fourth Circuit have consistently held that a "claim for conversion may stand regardless of whether a contract exists because the common law duty not to convert the property of another for one's own purposes provides the basis for an independent tort action." *Jones v. Bank of Am. Corp.*, No. 4:09CV 162, 2010 WL 6605789, at *4 (E.D. Va. Aug. 24, 2010) (quoting *Raleigh Radiology, Inc. v. Eggleston & Eggleston, P.C.*, No. 7:09cv334, 2009 WL 3764092, at *5 (W.D.Va. Nov.10, 2009)); *see also Lowe v. Wells Fargo Bank, N.A*, No. 3:18CV00126 (REP), 2018 WL 3748418, at *12 (E.D. Va. July 9, 2018), *report and recommendation adopted sub nom. Lowe v. Wells Fargo Bank, N.A.*, No. 3:18CV126, 2018 WL 3749391 (E.D. Va. Aug. 7, 2018) (same). Accordingly, the Court finds that the source of duty rule does not bar Plaintiffs from

bringing a conversion claim,[2] and Defendant Zhang's Motion to Dismiss will be denied in this respect.

### C. The Breach of Fiduciary Duty Claim (Count II)

Defendant Zhang also argues that the breach of fiduciary duty claim fails because, as a minority shareholder of Azalea, he had a fiduciary duty to the company but not to Plaintiff Lee, a fellow shareholder. Dkt. 13 at 5. In support of his position, Defendant Zhang directs this Court's attention to *Remora Invs., L.L.C. v. Orr*, wherein the Supreme Court of Virginia held that shareholders do not have fiduciary duties vis-a-vis each other. 673 S.E.2d 845, 847 (2009). Plaintiffs, in turn, assert that Plaintiff Lee is bringing the breach of fiduciary duty claim on behalf of Azalea and not individually. Dkt. 18 at 14-15.

The Court finds that the language in the Complaint indicates otherwise. *See* Dkt. 1 ¶ 49 (alleging that "Mr. Zhang had a fiduciary duty to Azalea *and his business partner*" (emphasis added)). Given that the parties now appear to agree that only Plaintiff Azalea may assert a claim for breach of fiduciary duty against Defendant Zhang, the Court will dismiss Count III of the Complaint to the extent that it may be construed as bringing such a claim on behalf of Plaintiff Lee.

### D. The Unjust Enrichment Claim (Count V)

The Court next turns to the unjust enrichment claim. To survive a motion to dismiss an unjust enrichment claim, a plaintiff must allege that (1) she conferred a benefit on the defendant;

---

[2] Defendant Zhang asserts another potential ground for dismissing Plaintiffs' conversion claim: that co-mingled, intangible assets cannot be converted. Dkt. 20 at 3. However, Defendant Zhang raises this argument for the first time in his Reply. Because Plaintiffs did not have an opportunity to respond to Defendant Zhang's argument on this point, the Court will follow "[t]he ordinary rule . . . that an argument raised for the first time in a reply brief . . . will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) (citations omitted).

(2) the defendant knew of the benefit and should reasonably have expected to repay the plaintiff; and (3) the defendant accepted or retained the benefit without paying for its value. *Schmidt v. Household Fin. Corp.*, II, 661 S.E.2d 834, 838 (Va. 2008). Here, Defendant Zhang asserts that the unjust enrichment claim should be dismissed because Plaintiffs fail to allege the second element—that Defendant Zhang reasonably expected to reinvest in Azalea. Dkt. 13 at 7.

This Court is unpersuaded by Defendant's argument. In their Complaint, Plaintiffs allege that (1) Defendant Zhang withdrew $138,000 from Azalea and (2), when taking into account the rent reimbursement, Defendant Zhang only contributed $75,565.43 in total to Azalea's business. Dkt. 1 ¶¶ 66-68. Construing these facts in the light most favorable to Plaintiffs, the Court can reasonably infer that Defendant Zhang should have expected to repay Azalea for the difference between the amount contributed and the amount withdrawn ($62,434.57). While Defendant Zhang claims that his contribution to Azalea amounted to $138,000 and that the money he took out was in exchange for his ownership interest in the company, that is a factual question to be resolved in the future. The Court will thus permit the unjust enrichment claim to proceed at least past the motion to dismiss stage.

### E. The Breach of Contract Claim (Count VI)

Finally, Defendant Zhang contends that the breach of contract claim is barred by the applicable statute of limitations to the extent that Plaintiffs allege breaches that arose more than three years before the Complaint was filed. Dkt. 13 at 8. In response, Plaintiffs counter that Defendant Zhang's statute of limitations argument is premature at this early point in the litigation. Dkt. 18 at 16.

Typically, a Rule 12(b)(6) motion to dismiss "cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*,

494 F.3d 458, 464 (4th Cir. 2007).  However, where the facts necessary to rule on the affirmative defense "clearly appear[] on the face of the complaint[,]" the court may reach the defense. *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993).

In his Motion, Defendant Zhang invokes the 3-year statute of limitations appurtenant to unwritten contracts in Virginia.  Dkt. 13 at 8 (citing Va. Code Ann. § 8.01-246).  Defendant Zhang explains that, as alleged in the Complaint, Plaintiff Lee and Defendant Zhang entered into a contract concerning their respective ownership interests in Azalea and work responsibilities in October 2018, and Defendant Zhang purportedly breached this contract by "never performing any work or services" for Azalea.  *Id.* (citing Dkt. 1 ¶ 73).  Given that Plaintiffs filed their Complaint on May 31, 2023, Defendant Zhang asserts that any breach of contract claim based on Defendant Zhang's failure to work at Azalea before May 31, 2020 should be dismissed.  *Id.* (citing Dkt. 1).

Critically, it is not clear from the face of the Complaint whether the contract at issue is unwritten and, thus, that the statute of limitations that Defendant Zhang cites would even apply. *See* Dkt. 1 ¶ 71 (alleging that Plaintiff Lee and Defendant Zhang entered into a contractual agreement wherein Defendant Zhang would be the minority partner of Azalea and would work at Azalea as a masseuse without alleging whether the agreement was oral or written).[3]  Accordingly, the Court declines at this early stage in the proceedings to find that Plaintiffs' breach of contract claim is partially time-barred.

---

[3] In his Reply, Defendant Zhang argues that the fact that the Complaint does not even allege whether the contract at issue is oral or written is grounds in and of itself to dismiss the breach of contract claim for failure to state a claim.  Dkt. 20.  Again, this Court will decline to consider this potential ground for dismissal because it was not initially raised in Defendant Zhang's Memorandum in Support.  *See Clawson*, 451 F. Supp. 2d at 734 ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." (citations omitted)).

IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant Meng's Motion to Dismiss (Dkt. 10) is GRANTED; and it is

FURTHER ORDERED that Defendant Zhang's Motion to Dismiss (Dkt. 12) is GRANTED-IN-PART and DENIED-IN-PART; and it is

FURTHER ORDERED that Count II of the Complaint is DISMISSED WITH PREJUDICE to the extent that it brings a breach of fiduciary duty on behalf of Plaintiff Lee individually against Defendant Zhang; and it is

FURTHER ORDERED that Counts III and IV of the Complaint are DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to terminate Maureen (Yan Juan) Meng as a Defendant in the instant action.

The Clerk is further directed to forward copies of this Memorandum Opinion and Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia  
November 13, 2023

/s/  
Rossie D. Alston, Jr.  
United States District Judge