IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AZALEA SPA & NAILS INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-712 (RDA/IDD) |
| ) | |
| ZHIDONG ZHANG, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *pro se* Defendant Zhidong Zhang's second Motion to Dismiss ("Motion") (Dkt. 49). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with Plaintiff's Opposition Brief (Dkt. 52), this Court DENIES the Motion for the reasons that follow.

The factual and procedural background of this case was provided by the Court in extensive detail in its November 13, 2023 Memorandum Opinion and Order (the "November 13 Order") disposing of Defendant Maureen Yan Juan Meng and Defendant Zhidong Zhang's Motions to Dismiss. *See* Dkt. 22 at 1-3. Per this Court's November 13 Order, the claim against Defendant Maureen Yan Juan Meng was dismissed with prejudice and she was terminated as a Defendant. *See id.* at 11. Plaintiffs' remaining claims apply only to Defendant Zhang. *See id.* After this Court's November 13 Order, Defendant Zhang filed an Answer and the parties proceeded towards discovery. *See, e.g.,* Dkts. 27, 28, 32, 34. On December 5, 2024, Defendant Zhang filed his

1

second Motion to Dismiss. Dkt. 49. On December 18, 2024, Plaintiffs filed their opposition. Dkt. 52.

Generally, a motion to dismiss pursuant to Rule 12(b)(6) is untimely when presented after the filing of an answer. Fed. R. Civ. P. 12(b) (noting that a 12(b)(6) defense "must be made before pleading if a responsive pleading is allowed"). Here, Defendant Zhang filed his Motion after filing an answer on November 27, 2023. *See* Dkt. 23. Accordingly, Defendant's Motion is untimely. However, the Fourth Circuit construes an untimely motion under 12(b)(6) as a motion for judgment on the pleadings under Rule 12(c). *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Hardy v. Lewis Gale Med. Ctr., LLC*, 377 F. Supp. 3d 596, 605 (W.D. Va. 2019); *Bierman Fam. Farm, LLC v. United Farm Fam. Ins. Co.*, 265 F. Supp. 3d 633, 637(D. Md. 2017). Thus, this Court will consider Defendant's Motion as a motion for judgment on the pleadings.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Nonetheless, the standard of review for Rule 12(c) motions is the same "plausibility standard" that governs Rule 12(b)(6) motions. *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014); *Travelers Indem. Co. of Conn. v. Lessard Design, Inc.*, 321 F. Supp. 3d 631, 635 (E.D. Va. 2018).

In his Motion, Defendant makes the following three claims: (1) Plaintiffs' claims are barred by the source of duty rule; (2) shareholders do not owe fiduciary duties to one another; and (3) Defendant's withdrawal of funds was in response to Plaintiffs' unauthorized removal of funds from the business. These arguments mirror the arguments raised by Defendant in his first motion to dismiss and rejected by the Court in the November 13 Order. Accordingly, the second motion fails under the law of the case doctrine. The law of the case doctrine holds that, "when a court decided upon a rule of law, that decision should continue to govern the same issues in subsequent

stages of the same case." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir.2009) (citations omitted) (internal quotation marks omitted). "This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (internal quotations omitted). Defendant's arguments were previously rejected by this Court in the November 13 Order, *see* Dkt. 22 at 6-8, and Defendant has not raised any new arguments at this stage. Defendant fails to cite to the November 13 Order, and further fails to provide new facts or law supporting his assertions, and fails to point to any authority that would require reconsideration of the rulings that the Court has already made. Dkt. 49 at 2. In other words, the law of the case doctrine applies here as Defendant has not alleged anything additional that would change this Court's prior analysis as set forth in the November 13 Order. In sum, Defendant has provided nothing "that would justify reconsideration of [the Court's] decision." *Allmond v. Sec. 8 Dep't of Hous.*, 2003 WL 23784041, at *3 (E.D. Va. Sept. 25, 2003), *aff'd sub nom. Allmond v. Section 8 Dep't of Hous.*, 89 F. App'x 392 (4th Cir. 2004).

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 49) is DENIED.

It is SO ORDERED.

Alexandria, Virginia
April 2, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge